# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:18-cr-20162-JTF-1 |
| JAMES MACKLIN, | ) ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS AND DENYING DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

Before the Court is Defendant James Macklin's Motion to Suppress filed on August 27, 2018, to which the Government filed its Response on September 10, 2018. (ECF Nos. 19 & 22.) The Motion was referred to the Magistrate Judge and a hearing held on the matter on October 24, 2018. (ECF Nos. 20 & 29.) On November 5, 2018, the Magistrate Judge issued a Report and Recommendation on Defendant's Motion, suggesting that the Motion should be Denied because "probable cause existed to effectuate the traffic stop and that [any] lack of in-car video [was] due to a reasonable mistake [that] does not violate the Fourth Amendment." (ECF No. 33, 13.) On November 14, 2018, Defendant filed a Motion to Enlarge Time to File Objections, asking for an additional 10 days. (ECF No. 34.) On November 26, 2018, the Court granted Defendant an extension until November 26, 2018, to file Objections to the Report and Recommendation. (ECF No. 36.) It appears there was confusion because on December 7, 2018, Defendant filed Objections, requesting this Court's accept the out of time filing. (ECF No. 38.) For the

following reasons, the Court finds that the Magistrate's Judge's Report and Recommendation should be ADOPTED, and Defendant's Objections DENIED.

## I. FINDINGS OF FACT

In her Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 33, 2–10.)

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A)–(B). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see*

*also* 28 U.S.C. § 636(b)(1). "The district court is not required to review—under a *de novo* or any other standard—'any issue that is not the subject of an objection.'" *Brown*, 47 F. Supp. 3d at 674 (emphasis added) (quoting *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## III.  ANALYSIS

The issues presented by the Motion are whether Officer Capps had probable cause to stop Defendant's vehicle and whether Officer Capps's failure to effectuate or preserve the in-car video renders the subsequent search and seizure of a firearm found on Defendant's person unreasonable.

A. <u>Fourth Amendment</u>

The Magistrate Judge recommends the denial of Defendant's Motion to Suppress because "probable cause existed to effectuate the traffic stop and that [any] lack of in-car video [was] due to a reasonable mistake [that] does not violate the Fourth Amendment." (ECF No. 33, 13.) The Court agrees.

The Fourth Amendment of the United States Constitution provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. "A stop of a vehicle 'constitutes a seizure within the meaning of the Fourth Amendment,' and [this Court] 'review[s] the reasonableness of police conduct in effectuating a traffic stop under the principles set forth in *Terry v. Ohio*, 392 U.S. 1[] (1968).'" *United States v. Rios*, 830 F.3d 403, 429 (6th Cir. 2016) (quoting *United States v. Stepp*, 680 F.3d 651, 661 (6th Cir. 2012)). "In order to effect a traffic stop, an officer must possess either probable cause of a civil infraction[, such as a traffic violation,] or reasonable suspicion of criminal activity." *United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012); *see, e.g.*, *United States v. Draper*, 22 F. App'x 413, 414 (6th Cir. 2001).

3

"Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). "It requires 'only a probability or substantial chance'" that the unlawful conduct occurred, "not an actual showing of such activity." *Smith*, 182 F.3d at 477 (quoting *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)); *see United States v. Ferguson*, 8 F.3d 385, 392 (6th Cir. 1993). "Although the proponent of a motion to suppress generally bears the burden of establishing [that] his or her Fourth Amendment rights were violated by a challenged search or seizure, it is the government's burden to demonstrate by a preponderance of the evidence that a particular seizure was based on either probable cause or reasonable suspicion." *United States v. Spaulding*, 446 F. Supp. 2d 789, 795–96 (N.D. Ohio Aug. 23, 2006) (citation omitted) (citing *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978)).

The Court ADOPTS the Magistrate Judge's Report and Recommendation holding that Plaintiff has shown by a preponderance of the evidence that the traffic stop of Defendant's vehicle was based on probable cause. Officer Capps testified that Defendant failed to stop at a stop sign, and that she was able to observe the offense, despite it being dark, due to street lighting. This testimony, in and of itself, demonstrates more than a mere suspicion, but a reasonable ground for believing, that Defendant committed a civil infraction. Officer Capps's testimony concerning both the basis for the stop and the lighting on the scene appears credible and is further corroborated by the body camera footage. (Exh. 7, 0:0:30–0:01:15, 0:1:50–0:02:02; ECF No. 33, 11–12.) Moreover, Officer Capps's testimony seems clear and consistent and is not contradicted by other evidence or the testimony of Officer Matheny. (ECF No. 33, 11–12.)

The Court additionally rejects any argument that Officer Capps's failure to properly record in-car video of the offense in dispute serves as grounds for the suppression of evidence. Although the failure to record in-car video is a violation of the Memphis Police Department's express policies, this fact does not necessitate a different result here. First, the government has sufficiently established that probable cause existed for the traffic stop regardless of any lack of in-car video, as seen above. Moreover, the Fourth Amendment requires reasonableness, not perfection; thus, some mistakes on the part of government officials are allowed. *See Heien v. North Carolina*, 135 S.Ct. 530, 536 (2014) (citing *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). Any mistake, however, must be that of a reasonable person. *Albea v. Bunn*, 281 F. Supp. 3d 670, 684 (W.D. Tenn. Nov. 16, 2017). As found by the Magistrate, the officers "reasonably attempted to obtain all possible recordings by pushing the buttons twice to do so[, but s]omehow, . . . hit the button . . . to de-activate the front lights," cancelling the in-car video recording. (ECF No. 33, 13.) When this finding is coupled with the fact that nothing in the record contradicts the assertion that Officer Capps and Officer Matheny reasonably attempted to obtain all possible recordings, the Court concludes that any failure to properly record in-car video of the offense in dispute is not grounds for suppression.

B. <u>Objections</u>

Defendant filed objections to the Magistrate Judge's Report and Recommendation on December 7, 2018. In his objections, Defendant takes issue with the Magistrate's finding that Officer Capps was a credible witness whose mistake in cancelling the in-car video was a reasonable one. (ECF No. 38, 1.) Specifically, Defendant argues that (i) a review of the on-scene footage in evidence shows that Defendant refuted running the stop sign; (ii) the record lacks corroborating evidence that Defendant ran the stop sign; and (iii) since the body camera

footage shows the in-car video working upon Officer Capps exiting the vehicle but does not show her stopping the video or flicking the blue lights within seconds after activating them (such that the video would stop), she must have manually stopped the recording, despite her testimony otherwise. Defendant's arguments are not well taken.

First, Defendant's argument that a review of the on-scene footage in evidence shows Defendant refuting that he ran the stop sign insufficiently attacks the credibility afforded to the testimony of witnesses. To be clear, although Defendant initially stated he made a complete stop, thereafter, he apologized to Officer Capps for failing to stop:

> Officer Capps: Did you not see that stop sign back there?
> Defendant: I stopped.
> Officer Capps: You rolled it.
> Defendant: I rolled it?
> Officer Capps: Yeah, you didn't stop completely. We were right there sitting behind you.
> Defendant: My apologies.

(Exh. 5, 0:1:54–0:02:03.)

In contradiction to Defendant's second contention, the on-the-scene statements made by Officer Capps when approaching Defendant and the testimony of both officers sufficiently corroborate Officer Capps's assertion that Defendant failed to come to a complete stop. Moreover, Defendant's argument fails because the Magistrate here was in the best position to make credibility determinations regarding witness testimony, and nothing in the record calls into question the Magistrate's assessment. *United States v. Johnson*, No. 10-20176, 2011 U.S. Dist. LEXIS 97577, at *6–7 (W.D. Tenn. Aug. 30, 2011).

The third point made by Defendant—that because the video does not show Officer Capps turning the lights off or on idle, such that the in-car video would be cancelled, she must have manually turned the video off in bad-faith and in contradiction to her testimony—is refuted by

what is shown on the Officer's body camera footage, Officer Cash's testimony and the credibility determinations made by the Magistrate. Officer Cash testified that the in-car video was not deleted, and that in order to cancel the recording, an officer would have to deactivate the recording manually within ten seconds. A review of the Officers body camera footage does not show either of them deactivating the recording within ten seconds. Defendant's argument is speculative and improperly assumes bad faith on the part the officers without a sufficient evidentiary basis. Accordingly, the Court DENIES Defendant's Objections to the Magistrate's Report and Recommendation.

## IV.  CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Suppress and **DENIES** Defendant's Objections thereto.

**IT IS SO ORDERED** on this 8th day of January 2019.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge
